IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TOMMY STEELE, DANNY STEELE, JOSE PONCE, PABLO PONCE, MANUEL PONCE, GARLAND TOSH, HUMBERTO RODRIGUEZ, FRANCISCO DIAZ, AND ERICK GONZALEZ<br>  PLAINTIFFS<br><br>VS.<br><br>DREBCO DIRECTIONAL, LLC, DREBEN GEARNER, III, AND KARA GEARNER<br>  DEFENDANTS | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 6:24-CV-505<br><br><br><br>JURY DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs Tommy Steele, Danny Steele, Pablo Ponce, Jose Ponce, Manuel Ponce, Humberto Rodriguez, Francisco Diaz, Garland Tosh, and Erick Gonzalez ("Plaintiffs") bring this suit against Drebco Directional, LLC, Dreben Gearner, III, and Kara Gearner ("Defendants") under the Fair Labor Standards Act, 29 U.S.C § 201, *et seq.*, as amended

### I. NATURE OF SUIT

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers..." 29 U.S.C. § 202(a). To achieve its goals,

the FLSA sets minimum wage and overtime pay requirements for covered employers. 29 U.S.C. §§ 206(a) & 207(a). The FLSA requires nonexempt employees to be paid an overtime premium for hours in excess of forty in any workweek.

2. Defendants violated the FLSA by failing to pay their nonexempt employees one- and one-half times their regular rates of pay for hours worked in excess of forty hours per each seven-day workweek. They also failed to pay two of the Plaintiffs at all for multiple months during their tenures, violating both the minimum wage and overtime provisions of the FLSA.

## II. PARTIES

3. Plaintiffs Tommy Steele, Danny Steele, Pablo Ponce, Jose Ponce, Manuel Ponce, Humberto Rodriguez, Francisco Diaz, Garland Tosh, and Erick Gonzalez are residents of Texas.

4. Defendant Drebco Directional, LLC is a domestic limited liability company formed and existing under the laws of the State of Texas located in Winnsboro, Wood County, Texas. It may be served with the Complaint and Summons by serving its registered agent for service, Dreben Samuel Gearner, III, at 12400 FM 69S, Como, Texas 75431.

5. Defendant Dreben Gearner, III, is an individual Texas resident who may be served at his residence located at 12400 FM 69S, Como, Texas 75431.

6. Defendant Kara Gearner is an individual Texas resident who may be served as her residence located at 12400 FM 69S, Como, Texas 75431.

## III. JURISDICTION & VENUE

7. This Court has subject matter jurisdiction in this matter because Plaintiffs assert claims arising under federal law. Specifically, Plaintiffs assert claims arising under the FLSA. Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

8. This Court has personal jurisdiction over Defendants because Defendants conduct business in Texas, have entered into relationships with Plaintiffs in Texas, and have committed action in Texas that give rise to this cause of action.

9. Venue is proper in the Eastern District of Texas, Tyler Division, pursuant to 28 U.S.C. § 1391(b), because Defendant Drebco is located in and does business in this Division.

## IV. COVERAGE UNDER THE FLSA

10. At all relevant times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs.

11. At all times hereinafter mentioned, Defendants have been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all times hereinafter mentioned, Defendants have been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(l), in that Defendants are an enterprise and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

14. At all times hereinafter mentioned, Plaintiffs were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(l)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207 and whom Defendants at

all relevant times "employ[ed]," within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V. FACTS

15. Defendant Drebco is in the business of owning and operating an oil and gas drilling company located in Winnsboro, Texas.

16. Plaintiffs are Defendants' former employees who were not paid overtime at one- and one-half times their regular rates of pay for hours worked in excess of forty hours per each seven-day workweek. Defendants employed Plaintiffs during the three-year period preceding the filing of this Original Complaint. Plaintiffs provided labor for Defendants at their drilling sites between January 2022 and November 2024. Plaintiffs generally worked six days per week and 14 hours per day as a single crew during their tenures with Defendants.

17. Plaintiffs Manuel Ponce, Jose Ponce, Pablo Ponce, Garland Tosh, Erick Gonzalez, and Francisco Diaz were all paid a day rate ranging between $325 and $450 per day. However, none were paid an overtime premium for hours in excess of 40 in any workweek.

18. Plaintiff Tommy Steele was paid a per-week amount of approximately $3,000 per week for some workweeks and was paid nothing for other workweeks during his approximately 34-month tenure with Drebco. He was never paid an overtime premium for hours worked in excess of 40 in a workweek.

19. Plaintiff Danny Steele was not paid anything by Drebco during the approximate 20 months of work he performed for Drebco since January 2022. He was never paid an overtime premium for hours worked in excess of 40 in a workweek.

20. Plaintiff Rodriguez was paid an hourly rate of $20 per hour for all hours worked. He was never paid an overtime premium for hours worked in excess of 40 in a workweek.

21. Defendants maintained control, oversight, and direction over its operations, including employment practices. Defendants maintained and exercised the power to hire, fire, and discipline Plaintiffs during their employment with Defendants.

22. Plaintiffs were required to comply with Defendants' policies and procedures in performing their work during their employment with Defendants.

23. At all times relevant hereto, all Defendants knew of, approved of, and benefited from the regular work of Plaintiffs.

24. Defendants did not make a good faith effort to comply with the minimum wage and overtime provisions contained within the FLSA. Defendants' actions were willful and in blatant disregard for the federally protected rights of Plaintiffs.

25. Defendants Dreben Gearner and Kara Gearner were managers of Drebco Directional with "substantial control over the terms and conditions of the work" of Plaintiffs. As such, Defendants Dreben Gearner and Kara Gearner are "employers" as defined by the Fair Labor Standards Act, 29 U.S.C. § 203(d)

## VI. CLAIM – FLSA VIOLATIONS

26. The FLSA statutes and the regulations promulgated thereunder govern the activities of the pay practices of employers involved in commerce. Plaintiffs allege that the failure to pay Plaintiffs for all hours worked is a direct violation of the FLSA statutes and regulations. Additionally, Plaintiffs allege that the failure to pay Plaintiffs Tommy Steele and Danny Steele the statutorily mandated minimum wage is a direct violation of the FLSA statutes and regulations. Further, Plaintiffs allege that the failure to pay Plaintiffs one and one-half their regular rate for all hours worked in excess of 40 hours in a work week is a direct violation of the FLSA statutes and

regulations. Plaintiffs are entitled to receive the unpaid wages due them, liquidated damages, costs, and attorneys' fees.

27. Preliminary calculations show that Defendants underpaid Plaintiffs approximately a combined $335,000 in minimum wage and overtime payments. When FLSA's liquidated damage feature is applied, Defendants owe Plaintiffs approximately $670,000, combined.

## **VIII. JURY DEMAND**

28. Plaintiffs request a jury trial.

## **PRAYER**

WHEREFORE, Plaintiffs pray they recover from Defendants the following:

1. The unpaid wages due to Plaintiffs;

2. Liquidated damages authorized by the applicable statutes;

3. Court costs;

4. Pre and postjudgment interest;

5. Attorneys' fees; and

6. Such other and further relief as the Court deems just.

Respectfully submitted,

*/s/ Eric Kolder*

ERIC KOLDER
State Bar No. 24083323
eric@kolderfirm.com
MARY KOLDER
State Bar No. 24083324
mary@kolderfirm.com
**KOLDER LAW FIRM, PLLC**
102 N. College Ave., Suite 402
Tyler, Texas 75702
(903) 350-4227
*ATTORNEYS FOR PLAINTIFFS*