UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:24-cv-00505

———

**Tommy Steele et al.,**
*Plaintiffs,*

v.

**Drebco Directional, LLC, et al.,**
*Defendants.*

———

# ORDER REGARDING TRIAL PROCEDURES

The court provides the following information and orders governing procedures at trial. Plaintiffs are one "side," and defendants are another "side."

A. Pretrial conference

1. A pretrial conference is set for **9:00 am** on **April 13, 2026**. The court will resolve any pending motions and any requests for the preadmission of exhibits.

B. Jury selection

1. Jury selection will begin at **9:30 a.m.** on **April 13, 2026**.

2. The jury will consist of eight persons.

3. The court will conduct initial *voir dire* of the jury panel. Following the court's questions, each side will be allowed 15 minutes to conduct its own *voir dire*.

4. After *voir dire*, the parties may approach the bench for any suggestion of for-cause excusal of a jury-panel member. After any for-cause excusals, the court will take a 10-minute recess for the parties to formulate their peremptory challenges. Each side will collectively have four peremptory challenges. The parties will exercise their peremptory challenges under the "blind strike" system by providing the court up to four

jury-panel members to be struck, without consulting the other side and independent of the other side's strikes. Following jury selection, the court will swear in the jury and give preliminary jury instructions.

C. Juror binders

1. The parties may provide binders for the jurors. If provided, the jurors will have the notebook with them in the courtroom during trial. An example juror notebook might contain (1) blank witness pages for each witness who will testify at trial, (2) a three-hole-punched and lined notepad, and (3) a non-clicking pen.

2. Witness pages may include a photo of the witness, but should not distinguish between plaintiffs' and defendants' witnesses, or otherwise identify the witnesses beyond proper names.

3. The parties may include other potentially helpful materials upon which the parties can agree. The court will not adjudicate disputes about what should be included in juror binders.

4. If the parties intend to provide binders for the jurors, the parties must provide one copy of the agreed juror binder to Judge Barker's chambers by 4:00 p.m. on **April 8, 2026.** If the binder is approved by Judge Barker, the parties must provide a copy for each member of the selected jury by 4:00 p.m. on **April 10, 2026**.

D. Exhibits

1. On the first day of trial, each side must provide:

   a. One physical copy of its original exhibits. Each exhibit shall be properly labeled with: (1) identification of the offering side; (2) the exhibit number; and (3) the case number.

   b. One copy of all exhibits on a USB drive.

2. On the first day of trial, each side shall provide three physical copies of the list of all exhibits it plans to

admit into evidence during the trial or which have been preadmitted. The exhibit list should include all exhibits which are *not* objected to, or for which the court has already overruled an objection, and all exhibits with outstanding objections the court has not yet ruled on, if any. The list should appropriately designate any exhibits for which outstanding objections remain pending.

3. If a party wishes to offer an objected-to exhibit into evidence that has not been preadmitted, the party should move for admission when using that exhibit with a witness. The court will hear the opposing party's objection and will rule on the objection at that time.

4. If counsel objects to a particular exhibit, it should be removed from the jury's view immediately. The courtroom deputy will turn off the courtroom display monitors. Counsel should remove, block, or turn around physical material immediately. The exhibit should remain outside the jury's view until the court resolves the objection.

5. On each trial day following the first day, each party must read into the record the list of exhibits used during trial the previous day, including both exhibits to which there were no objections and any exhibits allowed over objections. At that time, the court will admit any previously used exhibits which were not preadmitted.

6. At the conclusion of evidence, each party must read into the record any exhibit that was used but not previously admitted and file its final list of all admitted exhibits.

7. Apart from preadmitted exhibits, the court will only admit exhibits actually used during trial and will only allow those exhibits to be provided to the jury. The

court will consider exceptions when agreed upon by the parties and presented at the close of evidence.

8. After the close of evidence and before jury deliberations begin, each party must provide a copy of only its admitted exhibits to the courtroom deputy, who will verify the exhibits. One representative from each side must meet with the courtroom deputy to verify the exhibit list.

9. After trial, all boxes of exhibits shall be returned to the respective parties, and the parties must remove these exhibits from the courtroom.

10. The parties shall maintain the admitted exhibits for purposes of any appeal. Within five business days after the conclusion of trial, each party must file (i) a final exhibit list of the admitted exhibits from the jury trial, and (ii) electronic copies of their admitted exhibits. Any objections to the electronic copies must be filed within 3 days of receipt of the original filing, with a certificate of conference that complies with the Local Rules. If the court ordered any exhibits sealed during trial, those exhibits should be submitted on a separate USB drive. If tangible or over-sized exhibits were admitted, such exhibits shall be substituted with a photograph of the exhibit in PDF format. Admitted video exhibits should be tendered to the clerk of court on a USB drive.

E. Witness examination

1. To promote efficiency and avoid repetitive testimony, the court waives the usual scope limitation under Federal Rule of Evidence 611(b). Each witness may be called only once, and all parties shall conduct their full examination—including matters that might otherwise be reserved for recall—during that appearance. *See, e.g.*, *BakeMark USA, LLC v. Navarro*, No. 2:21-cv-02499, 2024 WL 3888239, at *3 (C.D. Cal. May 6,

2024); *T. Levy Assocs., Inc. v. Kaplan*, 755 F. App'x 116, 120 n.6 (3d Cir. 2018).

2. Counsel shall address witnesses only by the titles listed in the witness lists, Docs. 40-1, 40-2, not any honorifics or professional titles.

3. Experts may testify about industry standards, but they may not offer criticisms of industry practices unrelated to this case. Counsel must supply a copy of this order to their expert(s).

4. Counsel should stand at the lectern when questioning a witness or arguing to the jury or court. Counsel should approach the witness stand, bench, or jury box only with the court's permission.

5. When objecting during trial, counsel must stand, clearly state the objection, and remain standing until the court has ruled. Speaking objections are prohibited. Counsel should succinctly state only the fact of an objection and the basis for it, without argument (e.g., "Objection—hearsay" or "Objection—leading").

6. Counsel should instruct their witnesses to stop talking immediately when an objection is raised and wait until the court has ruled on the objection to resume speaking. Opposing counsel should not respond to objections unless the court requests a response.

7. If a party presents a witness by deposition at trial during its direct examination, the party offering the testimony must play or read both the designated portion of the testimony and the opposing party's counter-designations, omitting (as agreed upon in advance by the parties) objections or colloquy where appropriate. The time for such designations shall be allocated to each party accordingly (time for counter-designations charged to the opposing party).

- 5 -

8. Within five business days after the conclusion of trial, each party must submit to the courtroom deputy a USB drive containing video files of any depositions presented by video during trial and transcripts of any deposition excerpts used during trial.

F. Objections during trial

1. By 9:00 a.m. on **April 9, 2026**, the parties must exchange by email copies of any demonstrative items (e.g., PowerPoint slides, blown-up pictures, 3D models, posters) that they intend to use in their respective opening statements. By 3:00 p.m. that same day, each party shall inform the opposing party of any objections to the proposed demonstratives. The parties must then meet and confer to resolve any objections. The parties must file any remaining objections, including a copy of any objected-to demonstrative by 7:00 p.m. on **April 9, 2026**.

2. The following procedures apply to the identification of witnesses, exhibits, and demonstrative items for a party's direct examination prior to a witness's testimony or use of exhibits:

    a. Each party must notify the opposing party by email by 7:00 p.m. each day of all witnesses intended to be presented live or by deposition two calendar days later at trial. In other words, if a witness will testify live or by deposition on a Monday, the witness must be identified by 7:00 p.m. on the previous Saturday. Such notice must indicate the intended order of call and whether the witness will be presented live or by deposition.

    b. Similarly, by 7:00 p.m. two calendar days prior to the day a witness is expected to first testify, the offering party must provide to the other party via email a list of any exhibits to be used with each witness specified in paragraph 2(a) of this section (excluding exhibits

used solely for the purpose of impeachment or cross examination) and copies of all demonstrative items (including PowerPoint slides) to be used with each witness and, if the witness will testify by deposition, the portions of the deposition the offering party intends to play (by page and line number).

c. By 8:00 p.m. that day, the party receiving the exhibits, including demonstrative items, must inform the offering party of any objections and, if a witness is to be called by deposition, the receiving party's deposition counter-designations (by page and line number);

d. By 9:00 p.m. on the day the disclosures in paragraphs 2(a)-(c) of this section are received (or such later time as agreed upon by the parties), the parties shall meet and confer to resolve any objections; and

e. The parties must file any objections to witnesses, exhibits, demonstratives, or deposition designations to be presented at trial by 10:00 p.m. two days prior to their proposed presentation. The parties must make good-faith efforts to resolve all objections to the use of identified witnesses, testimony, exhibits, and demonstrative exhibits prior to any such filings and any filings should include a certificate of conference conforming to the requirements of Local Rule CV-7(i). Counsel must include a copy of any objected-to exhibit, demonstrative, or transcript excerpt as an attachment to its filing.

3. Materials to be used solely for impeachment of a witness called by the other party need not be identified in advance.

4. The parties must exchange demonstrative items for use in closing arguments that were not previously exchanged among the parties and used at trial by 7:00 p.m. the day prior to any party's closing arguments. The parties must file any objections to the

demonstratives for closing arguments by 9:00 p.m. the day prior to any party's closing argument.

G. Sealing the courtroom

1. "[O]pen trials are bulwarks of our free and democratic government: public access to court proceedings is one of the numerous 'checks and balances' of our system, because 'contemporaneous review in the forum of public opinion is an effective restraint on possible abuse of judicial power.'" *Richmond Newspapers v. Virginia*, 448 U.S. 555, 592 (1980) (Brennan, J., concurring in the judgment) (quoting *In re Oliver*, 333 U.S. 257, 270 (1948)). The court will seal the courtroom or specific exhibits only when the need for confidentiality outweighs the public's interest in open judicial proceedings.

2. If a party expects to present highly confidential information that the party contends should be kept from the public, the party must request that the court seal the courtroom and state the basis for doing so before presenting any such confidential information.

3. When sealed, the court will require anyone not under a protective order for this case to leave the courtroom and the court security officer will prohibit entrance until the courtroom is unsealed.

4. The party requesting to seal the courtroom is also responsible for informing the court once the courtroom and the transcript no longer need to be sealed.

5. The court expects the foregoing procedure will obviate the need for any motions to redact the transcript after the fact.

H. Trial times

1. Each side is allowed up to 20 minutes for its opening statement.

2.  Each side is allowed up to 45 minutes for its closing argument. Plaintiffs may reserve up to 15 minutes of their time for rebuttal.

3.  Plaintiffs are allowed up to 7 hours for their presentation of the evidence.

4.  Defendants are allowed up to 7 hours for their presentation of the evidence.

5.  Time spent in any judicial colloquy on objections or on compliance with rulings in limine will be charged to the time of the party that loses the objection or ruling. Violations of this order will also reduce that side's time.

6.  This time limit governs all presentation of evidence, including any form of witness examination, document presentation, and reading of stipulations.

7.  The court will update the parties on their time used at the end of each trial day.

I.  Procedure.

1.  If any party wishes to supplement or change any of these trial protocols, the party must file a motion to modify this order by 9:00 a.m. on **April 9, 2026**. Any objection after that date to a trial protocol listed above will be deemed waived. Any response to such a motion is due by noon on **April 10, 2026**.

*So ordered by the court on April 6, 2026.*

J. CAMPBELL BARKER
United States District Judge

- 9 -